# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1683V

| | |
|---|---|
| CORRINE JEFFERSON,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2024 |

*Nicholas Edward Bunch, White Getgey & Meyer Co., LPA, Cincinnati, OH, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On November 15, 2022, Corrine Jefferson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on December 12, 2019 (a "Table injury"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 23, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On October 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $110,000.00 for pain and suffering and funds to satisfy the State of Ohio Medicaid lien in the amount of $29,054.85. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award the following compensation:

A. **A lump sum payment of $110,000.00 in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $29,054.85, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to Petitioner and**

**Treasurer, State of Ohio**
**Ohio Tort Recovery Unit**
**5475 Rings Road Suite 125**
**Dublin, OH 43017**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CORRINE JEFFERSON,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-1683V<br><br>Chief Special Master Brian H. Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On November 15, 2022, Corrine Jefferson ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that she suffered the Vaccine Injury Table injury of Guillain-Barre Syndrome ("GBS") that developed following an influenza ("flu") vaccine administered on December 12, 2019. Petition ("Pet.") at 1, 15. On April 22, 2024, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, GBS as defined in the Vaccine Injury Table. Accordingly, on April 23, 2024, the Chief Special Master issued a Ruling on Entitlement.

**I.      Compensation for Vaccine Injury-Related Items**

   A. <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$110,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of **$29,054.85**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about December 12, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$110,000.00** in the form of a check payable to petitioner; and

B. A lump sum payment of **$29,054.85**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and:

> Treasurer, State of Ohio
> Ohio Tort Recovery Unit
> 5475 Rings Road Suite 125
> Dublin, OH 43017

Petitioner agrees to endorse the check to Treasurer, State of Ohio, for satisfaction of the

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Medicaid lien.

 Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        COLLEEN C. HARTLEY
        Assistant Director
        Torts Branch, Civil Division

        /s/ Katherine Edwards
        KATHERINE EDWARDS
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Tel: (202) 742-6374
        Katherine.Edwards2@usdoj.gov

Date:  October 15, 2024